IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:19-cv-00109-MR-WCM

| | |
|---|---|
| SHARIKA M. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBINSON, BRADSHAW & HINSON, P.A.; ALLEN K. ROBERTSON; JONATHAN C. KRISKO; ROBERT E. HARRINGTON; and GREGORY L. SKIDMORE,<br><br>    Defendants. | DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

In her opposition brief ("Opp."), Plaintiff caustically embellishes the most outlandish allegations of her Complaint, but fails to address the defects in pleading her four state law counts. Her conclusory and tendentious argument underscores her failure to plead actionable misrepresentations constituting fraud, violation of Chapter 75, breach of contract, or tortious interference with contract. All four state law counts should be dismissed for failure to state a claim.

## I. ARGUMENT

### A. *Plaintiff Did Not Plead a Plausible Claim for Fraud by Omission.*

Plaintiffs' opposition brief appears to abandon her fraudulent

misrepresentation claim and instead attempts to re-characterize the claim as one of fraud by omission. This attempt is unavailing.

To successfully plead fraudulent concealment or fraud by omission, a plaintiff must allege, among other elements, (1) "the relationship or situation giving rise to the duty to speak," (2) "the event . . . triggering the duty to speak," and (3) "the identity of those under a duty who failed to make such disclosures." *Suntrust Mortg., Inc. v. Busby*, 651 F. Supp. 2d 472, 484 (W.D.N.C. 2009). Failure to plead any one of these elements with specificity, as required by Fed. R. Civ. P. 9(b), is a basis for dismissal. *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 569 (W.D.N.C. 2011) (adopting report and recommendation); *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997). Neither the Complaint nor the opposition brief points to any allegation of the circumstances giving rise to RBH's supposed duty to speak, the events triggering the alleged duty, or the identity of those under the alleged duty.

Even if Plaintiff had made such allegations, her claim still would fail because she has not pleaded a duty to disclose by RBH. Such a duty would arise only (1) where a fiduciary relationship exists or where a party (2) has taken affirmative steps to conceal material facts or (3) failed to disclose a latent defect which the other party is both ignorant of and unable to discover through reasonable diligence. *Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 696, 682 S.E.2d 726, 733 (2009) (quotation

2

marks omitted). None of these circumstances is present here.

Plaintiff's allegations establish that RBH did not owe Plaintiff a fiduciary duty. An employer does not owe a fiduciary duty to its employees under North Carolina law. *See Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 708 (2001); *Reichhold Chems., Inc. v. Goel*, 146 N.C. App. 137, 155, 555 S.E.2d 281, 292 (2001). Nor does a prospective employer owe a fiduciary duty to prospective employees. *See Rountree v. Chowan Cty.*, 796 S.E.2d 827, 832 (N.C. Ct. App. 2017).

The opposition brief can cite to no allegation in the Complaint that RBH affirmatively concealed material facts from Plaintiff or that RBH had knowledge of any latent defect of which she was ignorant. Instead, citing a single case, *Ragsdale v. Kennedy*, Plaintiff argues that because RBH made any statements concerning diversity and inclusion, it was obligated "to make a full and fair disclosure" on all such matters. (Opp. at 20.)

*Ragsdale* does not stand for such a proposition, nor does any other North Carolina case. In *Ragsdale*, the president of a corporation affirmatively told a potential buyer of the corporation that the business was "a 'gold mine' and a 'going concern.'" 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). At the time of his statement, however, the president knew the business was delinquent on various debts, under-capitalized, and losing cash. *Id*. Thus *Ragsdale*, unlike the instant case, involved material misrepresentations of fact. The court also stated that the claim fell

3

within the "latent defect" category of fraudulent concealment: "when the circumstances make it the duty of the seller to apprise the buyer of defects in the subject matter of the sale known to the seller but not to the buyer, the suppression of the defects constitutes fraud." *Id.* at 139, 209 S.E. at 501.

Here Plaintiff's allegations, unlike the allegations in *Ragsdale*, do not identify a latent defect in the subject matter of a sale. And Plaintiff's allegations, unlike those in *Ragsdale,* do not identify an actionable misrepresentation. (Defs. Br. at 7-10.) Plaintiff bases her fraud claim on statements of opinion and aspiration, not affirmative statements of material fact. Without pleading any "positive assertions that would have been counteracted by" the allegedly undisclosed facts, Plaintiff has not pleaded a claim for fraudulent concealment. *Id.* at 139, 209 S.E.2d at 501 (seller incurred a "duty to make a full disclosure of any . . . circumstances which counteracted his *positive assertions* concerning the" business's condition (emphasis added)); *Tillery Envtl. LLC v. A & D Holdings, Inc.*, 2018 WL 802515, at *12, 2018 NCBC 12 ¶ 59 (N.C. Super. Feb. 9, 2018) (same). Plaintiff cannot fashion a fraud claim from non-fraudulent statements merely by asserting they were not complete. She has identified neither material misrepresentations of fact nor a duty to speak, and she therefore has no actionable fraud claim.

Finally, Plaintiff has not identified which individuals made the alleged fraudulent statements or omissions and thus has not satisfied Rule 9(b). *Breeden*,

4

171 F.R.D. at 198 (dismissal under Rule 9(b) for failure to allege "how any individual defendant participated in the alleged fraud"); *see also Tillery*, ¶¶ 48, 54-56 ("Rule 9(b) requires a claimant alleging fraudulent concealment to identify the person or persons who allegedly participated in the concealment.").

### B. *Plaintiff's Chapter 75 Claim Alleges No Actionable Unfair or Deceptive Conduct and No Effect on Commerce.*

The arguments in Plaintiff's opposition brief do not save her Chapter 75 claim from dismissal. Although she argues a "fraud-on-the-market" theory (Opp. at 18), Plaintiff does not discuss or distinguish the undisputed case law foreclosing the use of Chapter 75 to assert claims on behalf of third parties. (Defs. Br. at 14-16; *see, e.g.*, *Solum v. CertainTeed Corp.*, No. 7:15-CV-114-D, 2015 WL 6505195, at *8 (E.D.N.C. Oct. 27, 2015).) Those cases bar her Chapter 75 claim.

Plaintiff attempts to re-cast her Chapter 75 claim, which she calls "statutory fraud" in her Complaint, as a claim for something less than fraud. In so doing, she first argues that "civil rights violations are unfair trade practices." (Opp. at 12.) She presents this assertion without any supporting authority, and there is none. Chapter 75 is not a civil rights statute. *See, e.g.*, *Fisher v. Walgreens*, No. 1:17-CV-225-MOC-DLH, 2018 WL 3744016, at *7 (W.D.N.C. Aug. 6, 2018).

Although she expressly attempted to plead fraud as the basis for her Chapter 75 claim (Compl. Count IV & ¶ 204a-j), Plaintiff next contends that she need only cite some lesser, amorphous "unfair" or "deceptive" conduct to avoid dismissal.

5

(Opp. at 11-15.) This argument misapprehends the reasons why proof of fraud is not always necessary to succeed on a Chapter 75 claim – in particular, because a Chapter 75 claim does not require proof of intent or reliance. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 534 (4th Cir. 1989).

Where, as in Plaintiff's Complaint, fraud and Chapter 75 claims are founded on the same alleged misrepresentations, courts measure the claims using the same standards. *See Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 731 (M.D.N.C. 2015) (applying Rule 9(b) to Chapter 75 claim). And where the plaintiffs in such cases have failed to plausibly state a claim of fraud, courts have consistently dismissed Chapter 75 claims based on the same alleged misrepresentations. *See, e.g.*, *Devlin v. Wells Fargo Bank, N.A.*, No. 1:12-CV-000388-MR, 2014 WL 1155415, at *10 (W.D.N.C. Mar. 21, 2014), *aff'd*, 585 F. App'x 171 (4th Cir. 2014) ("Because the Plaintiffs' Chapter 75 claim is based on the same alleged misrepresentations and omissions that form the basis of their fraud claim, the Chapter 75 claim also fails.").[1]

Most of Plaintiff's allegations of "unfair" or "deceptive" acts purport to

---

[1] *See also Packrite, LLC v. Graphic Packaging Int'l, Inc.*, No. 1:17CV1019, 2018 WL 4112827, at *7 (M.D.N.C. Aug. 29, 2018); *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 280 F. Supp. 3d 788, 794 (M.D.N.C. 2017); *Kelley v. Enviva, LP*, No. 7:14-CV-126-BO, 2015 WL 500473, at *5 (E.D.N.C. Feb. 4, 2015); *Porterfield v. JP Morgan Chase Bank, Nat. Ass'n*, No. 4:13-CV-00128-BO, 2013 WL 5755499, at *5 (E.D.N.C. Oct. 23, 2013); *Regency Centers Acquisition, LLC v. Crescent Acquisitions*, LLC, No. 17 CVS 11354, 2018 WL 562749, at *9, 2018 NCBC 7 ¶ 42 (N.C. Super. Jan. 24, 2018).

describe conduct directed toward third parties, and are barred for that reason. (Compl. ¶¶ 194-97, 200-01.) As to her individual claim, Plaintiff alleges that RBH "misrepresented" to her ten characteristics of the firm (*id.* ¶ 204) and "fraudulently induced" her to accept employment with RBH (*id.* ¶ 206). But as discussed above, the statements Plaintiff describes are not actionable misrepresentations. Because her fraud claim based on these alleged statements fails, her "statutory fraud" claim under Chapter 75 also fails.

Even if Plaintiff had pleaded misrepresentations actionable under Chapter 75, her claims do not involve conduct "in or affecting commerce." Plaintiff cites *Mayes v. Moore*, 419 F. Supp. 2d 775, 784 (M.D.N.C. 2006), in which the court denied a motion to dismiss a Chapter 75 claim that "Defendants wrongfully induced [plaintiff] to take employment only to subject him to the alleged sexual advances." There, the plaintiff was repeatedly subjected to "sexual advances, including inappropriate touching and rubbing," after accepting employment, then was terminated within the month for refusing the defendant's advances. *Id.* at 778. The court concluded that this alleged scheme of harassment might violate Chapter 75. *Id.* at 784.

Plaintiff's allegations are unlike those in *Mayes*. She does not allege that RBH purposefully induced her to take employment for the purpose of subjecting her to harassment. Nor does she allege that she was terminated due to any alleged failure

7

Case 3:19-cv-00109-KDB-WCM   Document 26   Filed 05/23/19   Page 7 of 10

to accede to harassment.

This Court decided a more factually analogous case in *Bonham v. Wolf Creek Acad.* In that case, the plaintiff alleged that the defendant employer, *before* it hired him, concealed information regarding the perils that might be encountered in the group home at which the plaintiff worked. 767 F. Supp. 2d at 568. In dismissing the Chapter 75 claim, this Court reasoned that the plaintiff failed to allege "the recognized special circumstances" required to bring the employment dispute within the purview of the statute. *Id.* At 574.

This Court's decision in *Bonham* is consistent with the holdings by North Carolina's appellate courts that Chapter 75 does not regulate "the internal conduct of individuals within a single market participant, that is, within a single business." *White v. Thompson*, 364 N.C. 47, 53-54, 691 S.E.2d 676, 680 (2010). Absent an allegation that the employer's conduct "had any impact beyond [plaintiff's] employment relationship," the claim is not cognizable under Chapter 75. *Esposito v. Talbert & Bright, Inc.*, 181 N.C. App. 742, 746-47, 641 S.E.2d 695, 698 (2007). These North Carolina decisions post-date *Mayes* and make clear that the application of Chapter 75 depends not on the timing of the alleged misconduct, but on whether that conduct had an impact beyond the employment relationship. Here Plaintiff's allegations complain about Plaintiff's employment relationship with RBH – that, just as in *Bonham*, her expectations regarding her employment were not met. (Compl. ¶¶

8

206-09.) Those allegations are not actionable under Chapter 75 and should be dismissed.[2]

### C.  *Plaintiff Cannot Maintain a Claim for Breach of Contract.*

Plaintiff fails to respond to the controlling cases cited in Defendants' Opening Brief, which foreclose her claim for breach of an implied covenant of good faith and fair dealing. Those cases establish that, as an at-will employee with no written contract, Plaintiff cannot make out a claim for breach of an implied covenant of good faith and fair dealing. To support her claim, Plaintiff cites only cases involving a claim not alleged in the Complaint: wrongful discharge. *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 173, 381 S.E.2d 445, 445 (1989); *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992). Those cases are wholly inapposite. Neither case concerns or mentions the viability of an implied covenant claim in the context of an at-will employment relationship.

### D.  *Plaintiff's Tortious Interference Claims Are Barred Because They Admit the Individual Defendants Acted with Justification.*

Plaintiff's attempt to save her tortious interference claims falls short. She fails to acknowledge, let alone distinguish, the North Carolina cases that uniformly require dismissal of complaints that admit the defendants acted with justification – because they exercised a supervisory role over the plaintiff. *See, e.g.*, *Privette v.*

---

[2] The decisions of North Carolina's appellate courts interpreting Chapter 75 are controlling. To the extent *Mayes*, a Middle District case, conflicts with those decisions, it should be disregarded.

9

*Univ. of N.C. at Chapel Hill*, 96 N.C. App. 124, 385 S.E.2d 185 (1989).  Plaintiff's admission that the Individual Defendants had supervisory responsibility over her compels dismissal of her tortious interference claim.

This 23rd day of May, 2019.

s/ Charles E. Johnson
Charles E. Johnson
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone:  704.377.2536
Facsimile:   704.378.4000

Joshua R. Van Kampen
N.C. Bar No. 32168
josh@vankampenlaw.com
VAN KAMPEN LAW, PC
315 E. Worthington Avenue
Charlotte, North Carolina 28203
Telephone: 704.247.3245
Facsimile: 704. 749.2638

Grace E. Speights
Grace.speights@morganlewis.com
Jocelyn R. Cuttino
Jocelyn.cuttino@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.5189
Facsimile: 202.739.3001
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
*Attorneys for Defendants*
